IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BARBARA THORNDYKE,       )
                                  )
         Plaintiff,        )
                                  )
     vs.                   )     Case No. 14-03396-MDH
                                  )
CAROLYN W. COLVIN,       )
Acting Commissioner of        )
Social Security,             )
                                  )
         Defendant.     )

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and for the reasons stated herein affirms the decision of the ALJ denying benefits.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits on approximately November 29, 2011, alleging she became disabled beginning on November 21, 2011. Plaintiff's disability report states she has an alleged disability due to "neck, migraines, arthritic bones spurs on back, lower back pain, numbness in arms and legs, dizzy spells and roaring in ears."

The claim was initially denied on December 30, 2011. Plaintiff filed a request for an Administrative Law Judge hearing, and the hearing was held on April 12, 2013. On April 17, 2013, the ALJ issued a decision finding the Plaintiff was not disabled as defined by the Act.

Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was denied on July 12, 2014.

The ALJ's determination found that Plaintiff had severe impairments that included cervical spondylosis and disc protrusion, lumbar degenerative disc disease and migraine headaches. However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff retained the RFC to perform the full range of light work and that she could perform her former work as a property manager, owner/manager of a retail store, and electronics assembler. The ALJ determined that Plaintiff was not disabled as defined under the Act.

Plaintiff's current appeal raises the following issues: whether the ALJ provided a proper RFC and whether the ALJ provided a proper credibility determination.

## DISCUSSION

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a

contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

**A.  <u>The ALJ Did Not Err in Assessing Plaintiff's Credibility.</u>**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility. In determining credibility, an ALJ should consider the claimant's prior work history; and observations by third parties and treating and examining physicians relating to daily activities. Duration, frequency and intensity of the pain, dosage, effectiveness and side effects of medications, precipitating and aggravating factors, and functional restrictions are all considerations. *Polaski v. Heckler*, 739

Case 6:14-cv-03396-MDH   Document 14   Filed 09/18/15   Page 3 of 7

F.2d 1320 (8th Cir. 1984). However, an ALJ "need not explicitly discuss each *Polaski* facto*r.*" See *Strongson v. Barnhart*, F.3d 1066, 1072 (8th Cir. 2004). If there are inconsistencies as a whole, it is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* The ALJ should additionally consider "relevant work history" and the "absence of objective medical evidence to support complaints." *Wildman v. Astrue,* 596 F.3d 959, 968 (8th Cir. 2010). Finally, the 8th Circuit has stated "we will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Id.,* citing *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir.2007) (internal quotation omitted).

Here, the record before the Court supports the ALJ's credibility determination with regard to Plaintiff's testimony. The ALJ's determination addresses Plaintiff's testimony in light of the medical records, the information she provided to her health care providers, her prior work history, along with her daily activities. For example, Plaintiff indicated while her migraine medicine worked well, it didn't last long. She further stated physical therapy was helpful, but was too expensive. The ALJ also noted the medical records did not support Plaintiff's testimony with regard to her alleged disability, including the nominal treatment sought for her impairments along with the medical records indicating normal and unremarkable examinations. The ALJ also noted that Plaintiff's back and neck pain had been ongoing since 2009, however, Plaintiff had been able to work for years with the alleged condition and no notable worsening of the condition. Further, the medical records reflect no indication of limitations to Plaintiff's neck and spine functioning.

4

Based on the record, the Court finds the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole.

**B. The ALJ's RFC Determination and Development of the Record.**

Plaintiff argues the ALJ erred in determining that Plaintiff has the "residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 404.1567(b)." Specifically, Plaintiff argues SSR 96-8 forbids the RFC from being expressed in terms of exertional categories. Further, Plaintiff argues her migraine headaches caused limitations in sensitivity to light and sound, and problems with attendance that were not addressed in the RFC. Plaintiff believes the RFC is "vague and insufficient" for failing to include evaluation of Plaintiff's migraines.

The ALJ's determination found no environmental or work attendance limitations. However, the medical records do not reflect that Plaintiff's migraines were present during the relevant evaluation period, and it was reasonable for the ALJ to conclude that Plaintiff could perform her past relevant work, taking into account her migraine headaches. Further, the testimony of the vocational expert, along with Plaintiff's own testimony, support the ALJ's determination.

Plaintiff fails to establish error in the RFC determination. SSR 96-8(p) states:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

Plaintiff claims this alone constitutes error in the ALJ's RFC determination. However, it is well established that "an arguable deficiency in opinion-writing technique does not require [the court]

5

to set aside an administrative finding when that deficiency had no bearing on the outcome." *Lynch v. Astrue*, No. 4:10-CV-01035NAB, 2011 WL 3943851, at *10 (E.D. Mo. Sept. 7, 2011); citing, *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir.1992) (internal quotation omitted); see also *Owen v. Astrue*, 551 F.3d 792, 801 (8th Cir.2008).

Here, the ALJ's reference to Plaintiff's "light work" is subsequently supported by the ALJ's additional discussion of the evidence used to determine the RFC. *See Id.* Therefore, the Court finds that the ALJ's "deficiency in opinion-writing," if any, did not affect the outcome of the case. *See e.g., Robinson v. Sullivan,* 956 F.2d at 841; *Ott v. Astrue*, No. 4:10CV2036 CDP, 2012 WL 1185026, at *15 (E.D. Mo. Apr. 9, 2012); citing, *Buckner v. Astrue*, 646 F.3d 549, 559 (8th Cir.2011) (holding that reversal is not required by an AU's deficient opinion writing unless that deficiency affected the outcome); see also, *Knox v. Astrue*, 327 Fed. Appx 652, 657 (7th Cir. 2009) ("Although the RFC assessment is a function-by-function assessment, ... the expression of a claimant's RFC need not be articulated function-by-function.").

The ALJ's determination regarding Plaintiff's ability to perform past work was reached after consideration of the entire record. The ALJ found that Plaintiff could perform past relevant work, taking into consideration the medical evidence and Plaintiff's own testimony regarding her limitations and daily activities. The Court finds the RFC is supported by substantial evidence in the record as a whole. Here, while the ALJ's writing may have been deficient, Plaintiff has not shown how this affected the decision, or constituted reversible error. *See e.g., Buckner v. Astrue*, 646 F.3d at 559. Similarly, here the ALJ's use of "light work" in Plaintiff's RFC determination does not require remand.

For the reasons set forth herein, there is substantial evidence on the record as a whole to support the ALJ's determination, and the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED:          September 18, 2015

$\underline{\textit{/s/ Douglas Harpool}\qquad\qquad\qquad}$
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**